UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

EARL GREGORY,

                Plaintiff,    **COMPLAINT AND JURY DEMAND**

-against-

THE CITY OF NEW YORK, NYC CORRECTION
OFFICERS JOHN DOE 1 through 4, related to incident #1
and JOHN DOE 5 through 8 related to incident #2
individually and in their official capacities, (the names John
Doe being fictitious, as the true names are presently
unknown),

                Defendants.
-------------------------------------------------------------------- X

ECF CASE

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT - 7 2011 ★
BROOKLYN OFFICE

CV 11 4895

GARAUFIS, J.

REYES, M.J

SUMMONS ISSUED

Plaintiff EARL GREGORY, by his attorney, Wadeedah Sheeheed, Esq., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiff also asserts supplemental state law claims. As set forth more fully herein, on two separate occasions plaintiff was beaten by New York City correction officers who thereafter fabricated official reports and statements in an attempt to cover up the incident.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth,

Eighth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claims arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. At all relevant times, plaintiff, EARL GREGORY, was an inmate awaiting trial, and was incarcerated at the George R. Vierno Center (hereinafter "GRVC") of the Riker's Island Jail located in the City of East Elmhurst, County of Queens, and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Department of Correction (hereinafter "DOC"), a duly authorized public authority and/or correction department, authorized to perform all functions of a correction department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants JOHN DOE 1 through 4, were duly sworn correction officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTUAL ALLEGATIONS

13. On or about July 23, 2010, plaintiff EARL GREGORY was incarcerated at GRVC located at 0909 Hazen Street, located in the City of East Elmhurst, County of Queens, and State of New York.

14. At the aforesaid time and place plaintiff was approached and assaulted by approximately four John Doe DOC officers without provocation. Officers punched him in the face, hit him with a stick in the face, punched, and maced him. As a result of this assault plaintiff suffered a busted lip, injury to his lower back and left arm and injury to his ear. This unlawful assault on plaintiff resulted in him being treated at Prisoner Health Services.

15. On or about December 25, 2010, plaintiff EARL GREGORY was incarcerated at GRVC located at 0909 Hazen Street, located in the City of East Elmhurst, County of Queens, and State of New York plaintiff was approached and assaulted by approximately four John Doe DOC officers without provocation. Plaintiff was punched about the face and body.

16. As a result of the foregoing, plaintiff EARL GREGORY sustained, *inter alia*, physical injuries, including trauma to his right index finger, emotional distress, anxiety, depression,

embarrassment, humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

19. All of the aforementioned acts deprived plaintiff EARL GREGORY of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

20. The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, with the entire actual and/or apparent authority attendant thereto.

21. The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Department of Correction, all under the supervision of ranking officers of said department.

22. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff EARL GREGORY'S constitutional rights.

25. As a result of the aforementioned conduct of defendants, plaintiff EARL GREGORY was subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein. Defendants had an affirmative duty to intervene on behalf of plaintiff EARL GREGORY, whose constitutional rights were being violated in their presence by other officers.

27. The defendants failed to intervene to prevent the unlawful conduct described herein.

28. As a result of the foregoing, plaintiff EARL GREGORY was put in fear of his safety, he was humiliated, and subjected to unjustified physical abuse. Further, plaintiff sustained severe and permanent physical injuries.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Department of Correction included, but were not limited to, physically abusing inmates and then committing perjury and/or manufacturing evidence in an effort to convict such individuals and placing them in enhanced restraint status; pursuant to a policy, custom or practice of using head strikes without justification; and pursuant to a culture of the "blue wall of silence." In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff EARL GREGORY'S rights as described herein.

As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

34. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Department of Correction constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff EARL GREGORY.

35. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Correction were the direct and proximate cause of the constitutional violations suffered by plaintiff EARL GREGORY as alleged herein.

36. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Correction were the moving force behind the Constitutional violations suffered by plaintiff EARL GREGORY as alleged herein.

37. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Correction, plaintiff EARL GREGORY was unlawfully beaten and subjected to physical abuse and enhanced restraints.

38. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff EARL GREGORY'S constitutional rights.

39. All of the foregoing acts by defendants deprived plaintiff EARL GREGORY of federally protected rights, including, but not limited to, the right:

        A.     To be free from excessive force;

        B.     To be free from the failure to intervene;

        C.     To receive equal protection under law; and

40. As a result of the foregoing, plaintiff EARL GREGORY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

43. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

44. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

45. Plaintiff has complied with all conditions precedent to maintaining the instant action.

46. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. As a result of the foregoing, plaintiff EARL GREGORY was placed in apprehension of imminent harmful and offensive bodily contact.

49. As a result of defendant's conduct, plaintiff EARL GREGORY has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants made offensive contact with plaintiff without privilege or consent.

52. As a result of defendant's conduct, plaintiff EARL GREGORY has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A EIGHT CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

53. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

55. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

56. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

57. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff EARL GREGORY.

58. As a result of the aforementioned conduct, plaintiff EARL GREGORY suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR AN NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the beating and physical abuse of plaintiff EARL GREGORY.

61. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the beating and physical abuse of plaintiff EARL GREGORY.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

68. As a result of the foregoing, plaintiff EARL GREGORY is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE**, plaintiff EARL GREGORY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
October 7, 2011

TO:  New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Yours, etc.,

WADEEDAH SHEEHEED, ESQ.
Bar #WS6903
Attorney for Plaintiff
45 Main Street
Suite 230
Brooklyn, NY 11201
(718) 855-8417
sheeheedlaw@gmail.com

**WHEREFORE**, plaintiff EARL GREGORY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
October 7, 2011

TO:   New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Yours, etc.,

WADEEDAH SHEEHEED, ESQ.
Bar #WS6903
Attorney for Plaintiff
45 Main Street
Suite 230
Brooklyn, NY 11201
(718) 855-8417
sheeheedlaw@gmail.com